[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————

No. 05-15554
Non-Argument Calendar

————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-60926-CV-PAS

DOUGLAS BEHRMAN,

Plaintiff-Appellant,

versus

ALLSTATE LIFE INSURANCE COMPANY,
ALLSTATE DISTRIBUTORS, LLC, et al.,

Defendants-Appellees.

————

Appeal from the United States District Court
for the Southern District of Florida

————

**(March 9, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

This appeal concerns the alleged decreasing values of two variable annuity contracts. Initially, the district court entered an order granting the defendants' motions to dismiss dismissing Behrman's recision claims with prejudice and all other claims without prejudice. As part of that ruling, the district court found that Behrman's tort claims were barred by the economic loss rule.[1] The district court did, however, recognize that a true fraud in the inducement claim is not precluded by the economic loss rule and dismissed that count of Behrman's complaint without prejudice to give Behrman an opportunity to amend his complaint. Subsequently, Behrman amended his complaint but the district court entered a second order granting the defendants' motions to dismiss and dismissed Behrman's case with prejudice.

We review *de novo* a district court's grant of a motion to dismiss. *Spain v. Brown and Williamson Tobacco Corp.*, 363 F.3d 1183, 1187 (11th Cir. 2004). A motion to dismiss is granted only when the movant demonstrates "beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle

---

[1]Florida's well-settled economic loss rule prohibits tort claims premised on economic losses flowing from an alleged contractual breach. *See Indemnity Ins. Co. of N. Amer. v. American Aviation*, 891 So.2d 532, 536 (Fla. 2004) ("the economic loss rule has been applied . . . when the parties are in contractual privity and the one party seeks to recover damages in tort for matters arising from contract."). "The prohibition against tort actions to recover solely economic damages for those in contractual privity is designed to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic losses in tort." *Id.*

him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); Fed. R. Civ. P. 12(b)(6). Moreover, we have in the past affirmed dismissals based upon Florida's economic loss rule. *Airport Rent-A-Car, Inc. v. Provost, Inc.*, 67 F.3d 901 (11th Cir. 1995).

First, we agree with the district court's ruling that the economic loss rule bars all of Berman's tort claims. Berman's tort claims are not extraneous to his breach of contract claim. Second, we agree that the district court properly dismissed Berman's negligent hiring, supervision, and retention claims because Quigley – the alleged bad actor – was an employee of non-party A. G. Edwards, not the defendants. Concerning Behrman's breach of contract claims, we agree that the district court properly found that all of Behrman's arguments concerning these claims were baseless and that Behrman's breach of contract claims were defectively pled and barred by the parol evidence rule and the statute of frauds. Additionally, we agree with the district court's findings concerning Behrman's claims of negligent misrepresentation, fraudulent inducement and negligent omission. Finally, because a civil conspiracy claim is not an independent cause of action in Florida, we also conclude that that claim was properly dismissed because all of the predicate claims were properly dismissed.

In sum, because we conclude from the record that there is no merit to any of the arguments Berman makes in this appeal, we affirm the judgment of dismissal.

**AFFIRMED.**